### WILHELM v. SEABOARD AIR LINE RAILWAY CO.

#### (120 S. E., 705)

1. RAILROADS—JUDGMENT AGAINST FEDERAL AGENT UNAUTHORIZED
WHEN NOT MADE A PARTY.—Where an action was brought against
a railroad company, on a claim rising during Federal Control, but
no motion was made for a change of parties, there could be no
verdict and judgment against the Agent of the United States
Railroad Administration.

2. RAILROADS—SUBSTITUTION OF FEDERAL AGENT AS PARTY DEFENDANT
PROPER.—Where an action was brought against a railroad company
on a claim arising during Federal Control, the proper procedure
is a motion to make the Agent of the United States Railroad Ad-
ministration a party defendant, and release the railroad company.

3. RAILROADS—CHARGE ON PUNITIVE DAMAGES IN CASE ARISING DURING
FEDERAL CONTROL HELD PROPERLY REFUSED.—Where an action was
brought against a railroad company on a claim arising during Fed-
eral Control a refusal to charge that no punitive damages could be
awarded was not error, though no punitive damages could have
been given against the Federal Government or its Director General.

Before BOWMAN, J., Darlington, April, 1921.    Affirmed.

Action by J. F. Wilhelm against Seaboard Air Line Railway Company. Judgment for plaintiff and defendant appeals.

*Messrs. Dargan & Paulling,* for appellant, cite: *Railroad under Federal Control:* 39 Stat., 645; 40 Stat., 1734; 40 Stat., 451. *Court will take judicial notice of Acts of Congress and President's proclamation:* 23 C. J., 101; 15 R. C. L., 1064; 175 N. W., 580. *Order of substitution of Director General should have been allowed:* Code Proc. 1922, Sec. 436; G. O. No. 5; 175 N. W., 580. *If substitution allowed no punitive damages would be recoverable:* 114 S. C., 236; 114 S. C., 339; 117 S. C., 1.

*Mr. F. A. Miller,* for respondent, cites: *Appeal is governed by* 112 S. C., 462; 256 U. S., 554; 269 Fed., 764; 270 Fed., 143; 115 S. E., 172.

January 9, 1924.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This action was for damages, actual and punitive, for unlawful detention of two carloads of wood. The complaint alleged that the injury was caused by the Seaboard Air Line Railway Company, which undertook to transport and deliver the wood. The answer admitted that the Seaboard Air Line Railway Company had acted as the common carrier in the transaction. There was confusion everywhere at the time these papers were prepared. Learned lawyers and, it is courteous to say, still more learned Courts did not realize that the transportation companies had been entirely superseded by the government; that the Federal Government had complete control, and that the Federal Government and not the transportation companies operated the railroads. The companies were not operating their roads and were in no way responsible for anything that went wrong. The only relief that could be had was to sue the

government. The Federal Government allowed itself to be sued, and the remedy was ample. The change of parties was to have been made by motion in the cause.

At the trial of this case, the defendant asked the presiding Judge to charge the jury that, in case they found against the defendant, they should find their verdict against James C. Davis, Agent of the United States Railroad Administration. The presiding Judge refused to so instruct the jury, and this is the first ground of complaint.

I. There was no error here. The Director. General had not been made a party, and no verdict and judgment could have been given against him.

II. A motion might have been made to make him a party and release the railway company, but no such motion was made.

III. The second assignment of error was that his Honor refused to charge that no punitive damages could be awarded. It is true that no punitive damages could have been given against the Federal Government or its Director General, but no such issue was made on the trial, and could not have been until the proper change of party defendant had been made.

The judgment is affirmed.